UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Kenneth William Colassi

    v.                                       Civil No. 11-cv-247-SM

Michael Forrest et al.

**REPORT AND RECOMMENDATION**

Kenneth Colassi has filed a complaint against Master Michael Forrest and Judge William Groff of the New Hampshire Superior Court at Hillsborough County, Southern Division (doc. no. 1). Because Colassi is pro se and in forma pauperis, the complaint is before the court for preliminary review to determine, among other things, whether it establishes this court's jurisdiction over the matter. See 28 U.S.C. § 1915(e)(2); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

**Standard of Review**

Under LR 4.3(d)(1)(B), when an action is filed pro se, the magistrate judge conducts a preliminary review of the case. The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim

upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See id. In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. The second part of the test requires the court

to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950 (citation omitted). In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

3

**Background**

In his complaint, Kenneth Colassi challenges a finding of the New Hampshire Superior Court assessing child support arrearages against him.  Colassi alleges a number of financial and emotional harms he has suffered as a result of the state court's final judgment.  Colassi alleges that Master Michael Forrest and Judge William Groff violated state law and engaged in "financial abuse" in assessing the challenged arrearages.

**Relief Requested**

Colassi seeks, in this action, to "appeal[] the decision (original, recent and final)" in his state court child support litigation, and "to eliminate and nullify" the allegedly unlawful Superior Court order directing Colassi to pay certain child support arrearages.  Colassi also seeks money damages from defendants for alleged violations of Colassi's Fourteenth Amendment due process rights.

**Discussion**

I.   Jurisdiction

Colassi's complaint challenges the findings of the state Superior Court.  As such, it raises questions of jurisdiction that this court is obliged to consider and resolve sua sponte.  The Rooker-Feldman doctrine precludes a litigant who was

4

unsuccessful in state court from seeking reversal of that decision in federal court once the state court litigation is completed.  See Coggeshall v. Mass. Bd. of Reg'n of Psychologists, 604 F.3d 658, 663 (1st Cir. 2010) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).

Application of the Rooker-Feldman doctrine is appropriate where:  "The losing party in state court filed suit in a U.S. District Court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking federal-court review and rejection of that judgment."  Skinner v. Switzer, ___ U.S. ___, ___, 131 S. Ct. 1289, 1297 (2011).  In a case meeting these criteria, the District Court lacks subject matter jurisdiction over the claims raised therein.  See id.

Here, Colassi states that his state court litigation is "final."  He also states that he was not successful in that litigation, that he has been harmed by the state court's decision, and that he would like this court to intervene to reverse that decision.  To the extent Colassi seeks to reverse a state court judgment, this case falls squarely within the ambit of Rooker-Feldman, and this court is therefore without jurisdiction over the matter.  The claims seeking reversal of or interference with the state court's decision should therefore be dismissed.

II.  Due Process Violation

Colassi alleges that he was harmed by due process violations during his state court custody and child support proceedings.  Colassi has sued the marital master and judge he alleges were responsible for those violations, seeking money damages.

"Judges are entitled to absolute immunity from lawsuits." Guzmán-Rivera v. Lucena-Zabala, 642 F.3d 92, 96 (1st Cir. 2011). Judges are protected by absolute immunity "for acts committed within the scope of their jurisdiction."  Imbler v. Pachtman, 424 U.S. 409, 418 (1976).  Here, Colassi's complaint concern Master Forrest's and Judge Groff's actions in his state child custody and child support litigation.  Child custody and child support matters arising in a state family court action are soundly within the jurisdiction of those judicial officers. Master Forrest and Judge Groff therefore enjoy absolute immunity for any actions taken in that litigation.  Accordingly, the damages claims against them should be dismissed.

III. Vexatious Litigation

"Federal courts . . . possess discretionary powers to regulate the conduct of abusive litigants."  Cok v. Fam. Ct. of R.I., 985 F.2d 32, 34 (1st Cir. 1993).  Where a litigant's

filings in a court have caused extreme and "groundless encroachment upon the limited time and resources of the court and other parties," the court may appropriately enjoin such a litigant from filing further frivolous and vexatious pleadings and lawsuits. Castro v. United States, 775 F.2d 399, 408 (1st Cir. 1985), abrogated on other grounds by Stevens v. Dep't of Treasury, 500 U.S. 1, 8 (1991). Such an injunction, however, must be "narrowly drawn to fit the specific vice encountered." Castro, 775 F.2d at 410.

Since 2004, Colassi has filed five lawsuits in this court seeking this court's intervention in his state court child custody and support proceedings. The first two complaints were dismissed because the state child custody proceeding was ongoing, and it was appropriate for this court to abstain from interfering under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971).[1] In granting defendants' motion to dismiss Colassi's third complaint relating to those state court proceedings, this court abstained under Younger from considering the claims challenging the ongoing child support proceedings and applied Rooker-Feldman in declining to review Colassi's divorce decree. See Colassi v. Looper, No. 08-cv-115-JL, 2008 DNH 106

---

[1] See, e.g., Colassi v. Hillsborough Cnty. Super. Ct., No. 04-057-SM (D.N.H. June 16, 2004); Colassi v. Hillsborough Cnty. Super. Ct., No. 05-cv-187-SM (D.N.H. July 28, 2005).

7

(D.N.H. May 20, 2008) (granting motion to dismiss). Colassi's fourth complaint, filed in 2009, was dismissed for lack of jurisdiction under the Rooker-Feldman doctrine. See Colassi v. Looper, No. 09-cv-312-SM (D.N.H. Jan. 19, 2010) (order approving Report and Recommendation and dismissing complaint). The court recommends the same result in the instant case. Colassi is, or should be, well aware that this court is not the appropriate place to pursue his complaints regarding the state court custody and child support litigation. Colassi, in his instant complaint, states that "U.S. District Court . . . refuses to offer any remedy or relief. There is no remedy and there is no relief to any of this." Colassi persists, however, in repeatedly seeking relief in this court.

At this time, the court will not recommend the issuance of an injunction limiting Colassi's ability to file lawsuits in this court. Colassi should note, however, that the filing of further frivolous lawsuits, or lawsuits that fail to invoke the jurisdiction of this court, arising out of Colassi's state court child custody and support litigation, may result in a recommendation that the court issue such an order.

## Conclusion

For the foregoing reasons, the court recommends that this action be dismissed in its entirety. Any objections to this

8

Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: November 8, 2011

cc:  Kenneth William Colassi, pro se

LBM:jba